[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
Date of Sentence : February 22, 1995 Date of Application : February 14, 1995 (sic) Date Application Filed : March 14, 1995 Date of Decision : January 23, 1996
Application for review of sentence imposed by the Superior Court, Judicial District of New London.
Docket No. CR 21-58820.
William W. Fisher. Jr., Esq., Defense Counsel, for Petitioner.
Paul E. Murray, Esq., Assistant State's Attorney, for the State.
Sentence Affirmed.
BY THE DIVISION:
The petitioner, after pleading guilty to Manslaughter, 1st degree in violation of General Statutes § 53a-55, and Assault, 1st degree in violation of General Statutes § 53a-59, was sentenced to a term of twenty years on the Manslaughter count and a consecutive sentence of ten years, execution suspended after five years on the Assault count, with a five year probationary term. The total effective sentence was thirty years, execution suspended after twenty-five years, with probation for five years.
The crimes involved a drive by shooting by the petitioner and two co-defendants, one of whom was the driver while the petitioner and the third co-defendant fired at the victims. There was evidence that the petitioner fired six rounds while the other shooter fired one round. After originally being charged with the Murder, the plea arrangement was made reducing that charge to Manslaughter. The sentence imposed was the cap under a right to argue plea understanding.
Petitioner's counsel asks the Division to consider the young CT Page 1287-G age of his client. He was seventeen years old at the time of the shootings, but was eighteen when he was sentenced.
He also argues the other shooting co-defendant was older and the leader in the incident. (He was twenty years old at the time).
Evidence, however, indicates it was the petitioner who went to the co-defendant's (Brown) apartment, after about five minutes the two returned to the vehicle and that the petitioner directed the driver where to go, and then directed her to slow down when they came upon the victims, both being young men as well.
The state's attorney points out that Brown pleaded to Conspiracy to Commit Manslaughter and Assault and that he reviewed the maximum penalty of twenty years for the conspiracy.
The sentencing court took note of the petitioner's age but also had to weigh societal needs, the gravity of the crime and the deliberateness with which it was coldly executed. The petitioner has a record of behavioral problems during his school years, was disruptive and once had to be removed from school by the police. He has been described as volatile, physically aggressive and with anti-social personality trends.
The Division has reviewed this sentence as mandated by the provisions of § 942 of the Practice Book. We find it is neither inappropriate nor disproportionate in the light of the nature of the offenses, the character of the petitioner, the protection of the public interest, and the deterrent, rehabilitative, isolative and denunciatory purposes for which the sentence was intended.
It is affirmed.
Klaczak, J.
Norko, J.
Stanley, J.
Klaczak, Norko and Stanley, J.s, participated in this decision. CT Page 1287-H